356 So.2d 304 (1978)
B.A.A., a Juvenile, Petitioner,
v.
STATE of Florida, Respondent.
No. 49992.
Supreme Court of Florida.
March 9, 1978.
*305 Bennett H. Brummer, Public Defender, and Paul Morris, Asst. Public Defender, Miami, for petitioner.
Robert L. Shevin, Atty. Gen., and William M. Grodnick, Asst. Atty. Gen., Miami, for respondent.
BOYD, Justice.
This cause presents an issue of the application of Florida's loitering and prowling statute, Section 856.021, Florida Statutes. We have conflict certiorari jurisdiction under Article V, Section 3(b)(3) of the Florida Constitution. Conflict in this cause is with State v. Ecker, 311 So.2d 104 (Fla. 1975).
The juvenile in the instant case was arrested for loitering and prowling after a police officer observed her, a number of times, approaching cars stopped at a traffic light and engaging the drivers in conversation. The arresting officer observed the juvenile acting in this manner on approximately forty previous occasions, and on the night of her arrest had earlier warned her to leave the streets.
Following a delinquency hearing in the Juvenile Division of the Circuit Court of Dade County, the juvenile was found to have violated the "loitering" statute. Adjudication of delinquency was withheld and she was placed under the supervision of the Division of Youth Services. The District Court of Appeal, Third District, upheld the decision of the trial court. B.A.A., a juvenile v. State, 333 So.2d 552 (Fla. 3rd DCA 1976).
In State v. Ecker, supra, we construed Section 856.021, Florida Statutes, as requiring that "`the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant' a finding that a breach of the peace is imminent or the public safety is threatened." 311 So.2d 104, 109. See also Terry v. Ohio, 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889, 906 (1968). In Ecker, the elements of the offense which must be satisfied for conviction of loitering and prowling were set forth as:
"(1) the defendant loitered or prowled in a place, at a time, or in a manner not usual for law-abiding individuals; (2) such loitering and prowling were under circumstances that warranted a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity. This alarm is presumed *306 under the statute if, when the law officer appears, the defendant flees, conceals himself, or refuses to identify himself. Prior to any arrest, the defendant must be afforded an opportunity to dispel any alarm or immediate concern by identifying himself and explaining his presence and conduct. If it appears at trial that the explanation is true and would have dispelled the alarm or immediate concern, then the defendant may not be convicted under this statute." 311 So.2d 104, 106.
In the instant case, there are no specific and articulable facts which would reasonably warrant a finding that the public peace and order were threatened or that safety of persons or property was jeopardized by the actions of the juvenile. If the finding of loitering is upheld under the facts of this case it could be upheld against anyone at street intersections lawfully seeking donations, for charitable purposes, from drivers of automobiles.
The statute is not to be used as a "catch-all" provision hereby citizens may be detained by police and charged by prosecutors when there is an insufficient basis to sustain a conviction on some other charge.[*] Rather, it is a specific prohibition against specific conduct. All elements of this crime must be satisfied. We reaffirm these elements as set forth in Ecker, supra. In utilizing these elements and examining the juvenile's conduct, we must conclude that the statute may not be applied here. The decision of the District Court of Appeal, Third District, is quashed and the cause remanded.
It is so ordered.
OVERTON, C.J., and ENGLAND, SUNDBERG and KARL, JJ., concur.
NOTES
[*] The District Court found a threatened breach of peace because the arresting officer believed the juvenile was offering to commit prostitution, a misdemeanor. If there was evidence of such solicitation, it should have been charged against her. But the record here does not establish that there was a reasonable alarm for the safety of persons or property in the vicinity, the second element necessary to sustain a charge of loitering.